Robinson, J.,
 

 dissenting. I dissent from the judgment in this case for the reason that it unsettles in Ohio a legal principle that heretofore has been exact, and has been so recognized.
 

 I dissent for the further reason that if it be, as stated in the majority opinion, against the public policy of the state to enforce contracts such as the one here under consideration, then the majority of this court, sitting as a court of equity reviewing a court sitting as a court of equity, are in the position of circumventing and defeating the state’s public policy.
 

 Before discussing the legal principle here involved, I desire to supplement the statement of facts. Sarah L. Hite, deceased, was the widow of Oscar L. Hite, deceased. No real estate of the estate of Oscar L. Hite, deceased, was ever assigned to her as dower, nor was there any family arrangement whereby she ever received any assignment of dower in real estate. The estate of Sarah L. Hite consisted both of real estate, of which she was the owner in fee, and personal property. The subject-matter of this litigation is not and never was any part of ihe dower estate of Sarah L. Hite, deceased, but is that portion of her estate which she in her life
 
 *265
 
 time owned absolutely and had a legal right to convey; property which she did dispose of by will to Oscar S. Hite and others; and this action, while instituted by the executors of Sarah L. Hite in the form of an interpleader, by reason of the pleadings of Oscar S. Hite and the administrator of Maud Musettter, deceased, resolved itself into an issue between Oscar S. Hite and such administrator as to the validity or invalidity of the instrument copied in the statement to the majority opinion.
 

 I think it may fairly be inferred from the majority opinion that the majority of this court concede that at common law assignments of purely expectant estates, not coupled with an interest, are void; but, whether so conceded or not, any research will so disclose. The majority opinion, however, asserts that the question in Ohio is novel; that, while this court on various occasions has indulged in expressions of opinion upon the subject, such expressions are unauthoritative, because the question was not before the court. The opinion then concentrates its attack upon the case of
 
 Needles, Exr.,
 
 v.
 
 Needles,
 
 7 Ohio St., 432. Of its aspersions upon that case I shall not comment.
 

 The majority opinion wholly ignores the case of
 
 Hart
 
 v.
 
 Gregg,
 
 32 Ohio St., 502.
 
 *
 
 In that case Archibald Gordon, Sr., a revolutionary soldier, was the owner of a Virginia military land warrant for 200 acres of land, issued to him by the state of Virginia, which he had located and properly entered. Archibald Gordon, Jr., was the son and only child of Archibald Gordon, Sr. During the lifetime of Archibald Gordon, Sr., while Archibald Gordon, Sr.,
 
 *266
 
 was the owner of such land, Archibald Gordon, Jr., conveyed such land to Stephen F. Hart by deed in fee simple.. Archibald Gordon, Sr., did not alienate the land during his lifetime and died intestate. After the death of Archibald Gordon, Sr., Daniel Gregg, with knowledge of the land entry of Archibald Gordon, Sr., and knowledge of the deed that Archibald Gordon, Jr., had executed to Hart, wrongfully obtained possession of the senior deceased Gordon’s warranty, survey, and plat, and procured the word “Withdrawn” to be written on the margin of the record of entry and across the plat, without the authority of either Archibald Gordon, Sr., or Archibald Gordon, Jr., or any one claiming under them, with intent to defraud them, and- for that purpose located another warrant on the same land and carried the same into patent, under which patent Gregg and his grantees took possession. The action was one in equity by Hart against Gregg to have Gregg’s patent and title declared void and the possession wrongful. This court held:
 

 “1. The conveyance by a son of Ms expectancy in land, owned by his father, which would descend to him if he survived his father and the latter should die intestate owning the same, is the conveyance of a mere naked possibility not coupled with an interest, and passes no estate or interest in the land,
 

 “2. Such a conveyance cannot operate to defeat the grantor’s title, afterward acquired by descent, except by way of legal or equitable estoppel.
 

 “3. If such conveyance contains no covenants of warranty, or recitals, and there are no acts of the grantor amounting to an equitable estoppel, he is not estopped from asserting an after-acquired title.
 

 
 *267
 
 “4. The grantees under such conveyance, never in possession thereunder, cannot, as such, or by way of estoppel, assert' a title or interest in the land against one in actual possession under a legal title, though such title is, as against the grantor, his heirs, and assigns, fraudulent and void.”
 

 In the opinion, Johnson, C. J., said at page 511:
 

 “No one is an heir to the living. During the father’s life, all that the son had was a mere naked possibility, not coupled with an interest, which could not be released, assigned, or devised. Neither would it descend to his heirs. * * * As Gordon, Jr., the grantor, had no such interest in the estate, owned by his father, as could be conveyed, this deed, if it operate at all, must do so by way of estoppel, by reason of the covenants of warranty or recitals in it.” Further, at page 513: “Would Archibald Gordon, the son, or his heirs or assignees, if defending in this action, be estopped by reason of any recitals in this deed of June 27, 1827? We think not; for it is well settled, that where no estoppel arises from warranty, recital, or otherwise, a release or conveyance operates only on existing rights. * * * The title acquired by Archibald Gordon, the son, by descent, is outstanding in him or his heirs or assignees. They are not parties to this action, and, as plaintiff’s title is defective, because the conveyance under which they claim does not cover the after-acquired title of their grantor, they have no such equitable estate as authorizes the relief sought.”
 

 The defendant Gregg in that case, in possession, was defending under color of a title which the court in that case held to be absolutely void. Nevertheless, void as his title was, his possession was held to
 
 *268
 
 be superior to the title of Hart, acquired from Gordon, Jr., during the lifetime of Gordon, Sr., although Gordon, Sr., had died prior to the institution of the action, and prior to the possession of Gregg, and the estate of Gordon, Sr., including the land in controversy, had descended to Gordon, Jr., under whom Hart claimed title by deed in fee simple. Gregg then had no right or title to the land save that of naked possession, yet that naked possession was held to be superior to the title of Hart who had a deed in fee simple from Gordon, Jr., to whom the title in the property had afterwards descended, and who was not a party to the action, and was not therefore asserting any title thereto. The character of Hart’s title was directly involved in that decision and no amount of sophistry that can be employed can make the decision of this court in that case
 
 obiter;
 
 nor can the decision be so interpreted as to have held the deed executed before the acquisition of the property to have been other than absolutely void; for, if only voidable, it could not have been avoided by Gregg, since there was no privity between Gregg and either Gordon, and no one in behalf of either Gordon was seeking to avoid it.
 

 Estoppel is not claimed in the instant case.
 

 That no different rule of law arises out of an assignment of an expectancy by one expectant heir to another expectant heir was decided by this court in the case of
 
 Ferenbaugh
 
 v.
 
 Ferenbaugh,
 
 104 Ohio St., 556, 136 N. E., 213.
 

 The “simple illustration” in the majority opinion of the ancestor and the sons A and B, and the exchange of B’s land for A’s expectancy, like the assumption that at common law such contracts are
 
 *269
 
 only voidable instead of void, is based upon a false premise, and, of course, leads to a false conclusion, for it assumes that B would be remediless. The failure or total absence of consideration for the conveyance of B to A would afford the avenue in a court of equity for the restoration to B of that which was his.
 

 In the instant case, the estate of Maud Mussetter may sue and have judgment for the amount of the consideration paid to Oscar S. Hite.
 

 Matthias, J., concurs in the dissenting opinion.
 

 *
 

 This citation was inserted in the majority opinion after it had been read and the case announced.